UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

FILED BY ___ D.C.

05 JUL 11 PM 4: 47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA

-v-                                                    04-20440-01-Ma

GEORGE L. ROBINSON

**Bruce I. Griffey, CJA**
**Defense Attorney**
**142 N. 3rd Street, 3rd Floor**
**Memphis, Tennessee  38103**

# JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 through 5 and 8 through 11 of the Indictment on February 24, 2005.  Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1028(a)(7) | Unlawful use of identity of another person to commit a felony | 08/09/2004 | 1-4 |
| 18 U.S.C. § 1029(a)(2) | Fraudulent use of access device over $1,000.00 | 08/16/2004 | 5 |
| 18 U.S.C. § 1028A | Aggravated identity theft | 08/09/2004 | 8-11 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Counts 6 and 7 and 12 through 15 are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        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
Defendant's Date of Birth:        04/04/1986
Deft's U.S. Marshal No.:          19887-076

Defendant's Residence Address:
4224 Oxford Square Drive
Memphis, TN  38116

Date of Imposition of Sentence:
July 01, 2005

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

July_____ , 2005

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on __7- /3 - O5__



Case No: 04-20440-01-Ma
Defendant Name: George L. Robinson

Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **six (6) months** on Counts 1 through 5, each to run concurrently, and **twenty-four (24) months** on Counts 8 through 11, each count to run concurrently, and consecutive to sentence imposed on Counts 1 through5, for a **total term of imprisonment of thirty (30) months**.   This sentence shall run concurrently with defendant's sentence imposed in Case No. 04-20391-02-Ma

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____to _____

at_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

Case No: 04-20440-01-Ma
Defendant Name: George L. Robinson

Page 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.    The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5.    The defendant shall notify the probation officer **ten (10) days prior** to any change in residence or employment;

6.    The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

Case No: 04-20440-01-Ma
Defendant Name: George L. Robinson

Page 4 of 5

10.  The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13.  If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.  The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency  which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2.  The  defendant  shall seek and maintain lawful full-time employment, however, the defendant shall not be employed at a bank or financial institution, or any place where defendant can have access to other people's credit cards or credit information.

3.  The defendant shall obtain his General Educational Development (G.E.D.) Diploma.

4.  The defendant shall provide third-party risk notification as directed by the Probation Office.

5.  The defendant shall pay restitution in regular monthly installments of not less than 10% of his gross monthly income.

6.  The defendant shall notify the U.S. Attorney and the Court of any material change in economic circumstances that may affect defendant's ability to pay restitution.

7.  The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Case No: 04-20440-01-Ma
Defendant Name: George L. Robinson

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.   **The interest requirement is waived**.   All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $900.00 | | See Judgment in Case No. 04-20391-02-Ma |

The Special Assessment shall be due immediately.

## FINE
No fine imposed.

## RESTITUTION

See Judgment in Case No. 04-20391-02-Ma.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:04-CR-20440 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

Bruce I. Griffey
LAW OFFICES OF BRUCE I. GRIFFEY
142 North Third St.
3rd Floor
Memphis, TN 38103

Tracy Berry
167 No Main, 8th Floor
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT